**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS LYN MURRIN, JR., | Case No.: 1:16-cv-01331-SAB (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS AND RULES 18 AND 20 OF THE FEDERAL RULES OF CIVIL PROCEDURE |
| v. | |
| E. KING, et al., | |
| Defendants. | [ECF No. 1] |

Plaintiff Edwin Garcia is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 19, 2016.  Local Rule 302.

Currently before the Court is Plaintiff's complaint, filed September 9, 2016.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names E. King, A. Stephenson, M. Castillo, D. Kirby. S Duwel, James Giovino, R. Shinh, W. Parel, and John Does 1-3, as Defendants.

On December 5, 2005, Plaintiff was extremely sick and was examined by Medical Technical Assistant, E. King, who stated that Plaintiff had a "Q-tip" head stuck in his left ear canal.  King grabbed a pair of tweezers and reached inside Plaintiff's ear canal and pulled out Plaintiff's reconstructed left ear drum.  Thereafter, King began to apologize for pulling out Plaintiff's reconstructed ear drum.

On December 6, 2005, Registered Nurse, A. Stephenson, stated nothing about the previous day and indicated that Plaintiff was complaining of hearing loss and referred Plaintiff to the medical line.

On June 14, 2005, John Doe ordered both ears to be irrigated.

2

On February 24, 2006, John Doe ordered urgent referral to ear, nose and throat consultation.

On July 17, 2006, Dr. M. Castillo, at La Palma Correctional Center ordered eardrops.

On October 22, 2010, Dr. James Giovino, at Folsom State Prison attempted to dis-impact the left ear canal with irrigation with negative results.

On April 4, 2011, Registered Nurse, D. Kirby, at Deuel Vocational Institution ordered eardrops and left ear flushes for three days.

On December 1, 2015, Registered Nurse, R. Shinh, at Deuel Vocational Institution ordered left ear flush.

On December 4, 2015, John Doe, at Deuel Vocational Institution started to flush ears until Plaintiff ordered him to stop.

On April 19, 2016, Registered Nurse, S. Duwel, at Deuel Vocational Institution ordered eardrops and ear flush.

On June 2, 2016, Registered Nurse, Parel ordered ear flush on Plaintiff's left ear for three days.

On September 1, 2016, Plaintiff was seen an ear, nose and throat specialist who stated that due to the damage and ear flushes, Plaintiff may have permanent hearing loss in his left ear.

## III.

## DISCUSSION

### A.     Statute of Limitations

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitation, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1 (West 2007); Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d

3

1    at 927.  Under California law, prisoners who at the time the cause of action accrued were either

2    imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction  enjoy

3    a two-year tolling provision for damages actions.  Cal. Civ. Proc. Code § 352.1 (West 2007).

4          In addition, California's equitable tolling doctrine "applies when an injured person has several

5    legal remedies and, reasonably and in good faith, pursues one."  McDonald v. Antelope Valley

6    Community College Dist., 45 Cal.4th 88, 100 (Cal. 2008) (citation and internal quotation marks

7    omitted).  The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine

8    designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the

9    purpose of the statute of limitations - timely notice to the defendant of the plaintiff's claims - has been

10   satisfied, McDonald, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of

11   administrative remedies equitably tolls the statute of limitations so long as there was timely notice,

12   lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff, id. at

13   101-103.

14         The Ninth Circuit has held that prisoners are entitled to equitable tolling of the statute of

15   limitations while completing the mandatory exhaustion process.  Brown v. Valoff, 422 F.3d 926, 942-

16   943 (9th Cir. 2005).  The equitable tolling of statutes of limitations is a judicially created, nonstatutory

17   doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when

18   the purpose of the statute of limitations-timely notice to the defendant of the plaintiff's claims-has

19   been satisfied, McDonald, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of

20   administrative remedies equitably tolls the statute of limitations so long as there was timely notice,

21   lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff.  Id.

22   at 101-03.

23         In this case, the alleged wrongful act, over which this Court would have jurisdiction, occurred

24   on December 6, 2005 and continued at Pleasant Valley State Prison until February 24, 2006, over ten

25   years prior to date this action was filed.  There are no facts in the complaint that set forth any

26   applicable tolling of the limitations period, and therefore it appears the claim is barred by the statute of

27   limitations.  See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (screening standard for failure

28   to state a claim the same as the Fed. R. Civ. P. 12(b)(6) standard); Von Saher v. Norton Simon

4

<u>Museum of Art at Pasadena</u>, 592 F.3d 954, 969 (9th Cir. 2010) (claim may be dismissed under Fed. R. Civ. P. 12(b)(6) as barred by the statute of limitation when the running of the statute is apparent on the face of the complaint).  Accordingly, Plaintiff will be ordered to show cause why the action should not be dismissed as barred by the statute of limitations.

**B.     Rule 18 and 20 of the Federal Rules of Civil Procedure**

A basic lawsuit is a single claim against a single defendant.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant.  Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action."  However, unrelated claims that involve different defendants must be brought in separate lawsuits.  <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

In this action Plaintiff has presented unrelated claims against various Defendants that span over a period of ten years and multiple prisons.  The allegations that took place at Pleasant Valley State Prison occurred at a facility within the jurisdiction of the Eastern District of California.  However, the allegations against Defendants that took place at Folsom State Prison, Deuel Vocational Institution and Pelican Bay State Prison are not related to the actions that took place within the jurisdiction of the Eastern District of California, Fresno Division.  Deuel Vocational Institution and Folsom State Prison are within the Eastern District of California, Sacramento Division, and Pelican Bay State Prison is within the jurisdiction of the Northern District of California.  Furthermore, La Palma Correctional Center is located in Eloy, Arizona.  Although Deuel Vocational Institutional and Folsom State Prison are within the Eastern District of California, the claims related to actions at those facilities are not properly joined in this action.  Thus, any claims relating to actions that took place at Folsom State Prison, Deuel Vocational Institution, Pelican Bay State Prison, and La Palma Correctional Center should be brought in separate actions and cannot be mixed in one single complaint.

### C.      Deliberate Indifference to Serious Medical Need

For clarity purposes, the Court will provide Plaintiff with the applicable legal standard as to the merits of his claim.  However, given the deficiencies outlined above, the Court will not address the merits of his claim.

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995).

///

///

1     Furthermore, a difference of opinion between a physician and the prisoner - or between

2 medical professionals - concerning what medical care is appropriate does not amount to deliberate

3 indifference.  Snow v. McDaniel, 681 F.3d at 987, overruled in part on other grounds, Peralta v.

4 Dillard, 744 F.3d at 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d at 1122-23 (citing Jackson

5 v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of

6 treatment the doctors chose was medically unacceptable under the circumstances and that the

7 defendants chose this course in conscious disregard of an excessive risk to [his] health."  Snow, 681

8 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

9                                              **IV.**

10                                            **ORDER**

11     For the reasons explained above, the complaint as presented appears to be barred by the statute

12 of limitations and Rules 18 and 20 of the Federal Rules of Civil Procedure.

13     Accordingly, it is HEREBY ORDERED that:

14     1.     Within thirty (30) days from the date of service of this order, Plaintiff shall show cause

15 why this action should not be dismissed as barred by the statute of limitations and/or Rules 18 and 20

16 of the Federal Rules of Civil Procedure; and

17     2.     The failure to file a response to this order will result in dismissal of the action.

18

19 IT IS SO ORDERED.

20 Dated:   **February 16, 2017**     _____

21                                 UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

7