UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS LYN MURRIN, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>E. KING, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-01331-SAB (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND COMPLY WITH A COURT ORDER |

Plaintiff Edwin Garcia is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 19, 2016.  Local Rule 302.

On February 16, 2017, the Court ordered Plaintiff to show cause within thirty days why the action should not be dismissed as barred by the applicable statute of limitations and failure to comply with Rules 18 and 20 of the Federal Rules of Civil Procedure.  Plaintiff was warned that the failure to comply with the order would result in dismissal.  More than thirty days have passed and Plaintiff has not complied with or otherwise responded to the order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution

of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

In this case, two factors weigh against dismissal while three factors weigh in favor of dismissal. Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). There is no discernible prejudice to the defendants at this early stage in the proceedings, and public policy always favors disposition on the merits. In re PPA, 460 F.3d at 1227-28; Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Yourish, 191 F.3d at 991-92. On the other hand, the public's interest in expeditious resolution of litigation always favors dismissal; the Court's ability to manage its docket and guide cases toward resolution is significantly compromised by noncompliance with orders; and there are no alternative sanctions which are satisfactory given that Plaintiff is proceeding in forma pauperis and this action cannot proceed any further absent his compliance with the order. In re PPA, 460 F.3d at 1227-29; Pagtalunan, 291 F.3d at 642-43; Yourish, 191 F.3d at 990-92.

Accordingly, this action is HEREBY ORDERED DISMISSED for Plaintiff's failure to prosecute and comply with a court order.

IT IS SO ORDERED.

Dated:   **March 22, 2017**

UNITED STATES MAGISTRATE JUDGE